IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.  08-cv-02791-WDM-KLM

MICHAEL D. DITTMAN,

    Plaintiff,

v.

DJO, LLC, a Delaware corporation,
I-FLOW CORP., a Delaware corporation,
ABBOTT LABORATORIES,
ABBOT LABORATORIES d/b/a AP PHARMACEUTICALS, INC., an Illinois corporation,
ABBOT LABORATORIES d/b/a ABBOTT SALES, MARKETING & DISTRIBUTION COMPANY, a Delaware corporation,
HOSPIRA, INC., a Delaware corporation,
ASTRAZENECA PHARMACEUTICALS LP, a Delaware corporation,
ASTRAZENECA LP, a Delaware corporation,
ZENECA HOLDINGS, INC., a Delaware corporation, and

    Defendant(s).
_____

**ORDER**
_____

**ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

This matter is before the Court on the parties' **Joint Motion to Stay Scheduling Conference** [Docket No. 61; Filed July 17, 2009] (the "Motion").  The Court construes the Motion as a joint request to stay the case until resolution of pending dispositive motions.

IT IS HEREBY **ORDERED** that the Motion is **GRANTED**.  Although stays are generally disfavored, the Court has broad discretion to stay an action while a dispositive motion is pending pursuant to Fed. R. Civ. P. 26(c).  *String Cheese Incident, LLC v. Stylus Shows, Inc.*, No. 1:02-cv-01934-LTB-PAC, 2006 WL 894955, at *2 (D. Colo. Mar. 30, 2006) (unpublished decision).  Indeed, "a court may decide that in a particular case it would be wise to stay discovery on the merits until [certain challenges] have been resolved."  8

Charles Alan Wright et al., *Federal Practice and Procedure* § 2040, at 521-22 (2d ed. 1994) ("[W]hen one issue may be determinative of a case, the court has discretion to stay discovery on other issues until the critical issue has been decided."); *see also Vivid Techs., Inc. v. Am. Sci. & Eng'g, Inc.*, 200 F.3d 795, 804 (Fed. Cir. 1999) ("When a particular issue may be dispositive, the court may stay discovery concerning other issues until the critical issue is resolved.").

Further, the Court notes that neither its nor the parties' time is well-served by being involved in the "struggle over the substance of suit" when, as here, fully dispositive motions are pending. *Democratic Rep. of Congo v. FG Hemisphere Assocs., LLC*, No. 07-7047, 2007 WL 4165397 at *2 (D.C. Cir. Nov. 27, 2007) (unpublished opinion) (noting that the reason certain defenses should be raised at the outset is to avoid unnecessary litigation); *see also Chavous v. D.C. Fin. Responsibility & Mgmt. Assistance Auth.*, 201 F.R.D. 1, 2 (D.D.C. 2001) ("A stay of discovery pending the determination of a dispositive motion 'is an eminently logical means to prevent wasting the time and effort of all concerned, and to make the most efficient use of judicial resources.'" (citations omitted)).  Finally, the Court is unpersuaded that this case triggers a compelling nonparty or public interest to prompt a different result.

IT IS FURTHER **ORDERED** that the case is **STAYED** until such time as the pending dispositive motions are resolved, except for Defendant I-Flow's deadline to answer or otherwise respond to Plaintiff's Complaint.  If Defendant I-Flow files a dispositive motion, as opposed to an answer, the stay shall extend until resolution of that motion as well.

Dated:  July 20, 2009

BY THE COURT:
 s/ Kristen L. Mix
U.S. Magistrate Judge