IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Senior Judge Walker D. Miller

Civil Action No.   08-cv-02791-WDM-KLM

MICHAEL D. DITTMAN,

    Plaintiff,

v.

DJO, LLC, a Delaware Corporation, et al.,

    Defendants.

**ORDER ON MOTIONS TO DISMISS**

Miller, J.

    This case is before me on the Motion to Dismiss (doc no 53) filed by Defendants Astrazeneca Pharmaceuticals LP, Astrazeneca LP, and Zeneca Holdings Inc. (collectively "Astrazeneca") and the Motion to Dismiss (doc no 49) filed by Defendants Abbott Laboratories, Abbott Laboratories Inc., and Hospira, Inc. (collectively "Abbott").  Plaintiff opposes the motion.  Upon review of the parties' filings, I conclude oral argument is not required.  For the reasons that follow, the motions will be granted.

Background

    This is a product defect case arising from injuries allegedly suffered by Plaintiff as a result of use of a pain pump implant.  In the Amended Complaint (doc no 19), which now governs this action, Plaintiff alleges that he underwent surgery on his right shoulder in 2001.  After the surgery, a pain pump loaded with anesthetic agents was implanted into his shoulder.  Plaintiff alleges that this procedure caused him injury, specifically the narrowing

of the joint space caused by a condition called "chondrolysis," which results in complete or near complete loss of cartilage in the shoulder joint. Astrazeneca and Abbott are the manufacturers of various pharmaceuticals, including anesthetics. Plaintiff asserts negligence claims against these defendants for failure to warn of the dangers of injecting various name brand and generic anesthetic drugs in joint spaces, as well as other negligence based claims such as failure to test and investigate side effects, failure to disclose, etc. Plaintiff's Amended Complaint, however, does not identify which specific medication was allegedly used during his procedure or directly allege that any of these defendants were the actual manufacturer of the drug that caused his injury.

In the Amended Complaint, Plaintiff alleges that he "neither knew nor could have known that the defendants' negligence or defective device caused injury and harm until on or after January 24, 2007, when his physician first determined and noted his medical records that one of the medical devices at issue may have caused or contributed to [Plaintiff's] chondrolysis." Amended Complaint at ¶ 41. Plaintiff commenced this action on or around December 23, 2008, when he filed his original complaint in this matter. That complaint, however, did not include Astrazeneca and Abbott as defendants; Astrazeneca and Abbott were named as defendants in Plaintiff's Amended Complaint, filed May 18, 2009.

## Standard of Review

Astrazeneca and Abbott seek dismissal pursuant to Fed. R. Civ. P. 12(b)(6). A complaint must be dismissed pursuant to Fed.R.Civ.P. 12(b)(6) for failure to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

Factual allegations "must be enough to raise a right to relief above the speculative level." *Id.* at 555. The court must accept as true all well-pleaded facts and construe all reasonable allegations in the light most favorable to the plaintiff. *United States v. Colorado Supreme Court*, 87 F.3d 1161, 1164 (10th Cir. 1996).

"The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully. *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009). "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief.'" *Id.* (quoting *Twombly*). Under *Iqbal*, a court considering a motion to dismiss may first identify allegations that are no more than conclusions, and therefore not entitled to the assumption of truth. *Id.* at 1950. "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Id.* Then, the court may examine the well-pleaded factual allegations and determine, assuming their veracity, "whether they plausibly give rise to an entitlement to relief." *Id.*

## Discussion

Astrazeneca and Abbott assert identical grounds for dismissal: (1) Plaintiff's claims against these defendants are barred by the statute of limitations; and (2) Plaintiff has insufficiently alleged that his injuries were caused by products made by these defendants.

### 1. Statute of Limitations

Under Colorado law, which governs Plaintiff's claims of negligence for product defect or failure to warn, the relevant statute of limitations is two years. C.R.S. § 13-80-106; *see also* C.R.S. § 13-80-102 (imposing a two year statute of limitations for any negligence or strict liability claim). A cause of action accrues "on the date both the injury and its cause

are known or should have been known by the exercise of reasonable diligence." C.R.S. § 13-80-108(1). Although normally a defendant in a civil case may not raise the affirmative defense of the statute of limitations by means of a motion to dismiss, the issue may be resolved on a Rule 12(b)(6) motion "when the dates given in the complaint make clear that the right sued upon has been extinguished." *Aldrich v. McCulloch Props., Inc.*, 627 F.2d 1036, 1041 n. 4 (10th Cir.1980); *see also Lavarato v. Branney,* 210 P.3d 485, 489 (Colo. App. 2009) (under Colorado law, dismissal is appropriate "where the bare allegations of the complaint reveal that the action was not brought within the required statutory period.") (citations omitted).

As both defendants note, Plaintiff's injury was allegedly incurred in 2001. According to Plaintiff, on January 24, 2007 Plaintiff's physician determined and noted that one of the medical devices at issue may have caused or contributed to [Plaintiff's] chondrolysis. By Plaintiff's own admission and allegation, therefore, this was when his cause of action accrued. Plaintiff's complaint naming these defendants was not filed until May 18, 2009, which is more than two years after the claim accrued.[1]

In response, Plaintiff asserts that he did not actually discover the cause of his injury until March 2008. In a supporting affidavit, he avers that he saw a Dr. David Weinstein on March 5, 2008 and that "Dr. Weinstein told me that the cartilage in my shoulder was completely destroyed and recommended that the joint be replaced." Affidavit of Michael

---

[1] Plaintiff's timely filing of a complaint naming other defendants, but not Abbott and Astrazeneca, does not save his claim because the relation back principles of Rule 15(c) would not apply in these circumstances. *See, e.g., Lavarato v. Branney,* 210 P.3d 485, 489 (Colo. App. 2009) (citing Colorado and federal law and noting that a plaintiff "is responsible for determining who is liable for her injury and for doing so before the statute of limitations expires.").

Dittman, attached to Plaintiff's Response to Motions to Dismiss (doc no 71-2), at ¶ 3. Plaintiff also states that Dr. Weinstein "told me that he believed the cause of this was probably related to the [2001 surgery]." *Id.* He further contends that he did not know before this date that the pain pump and 2001 surgery had caused the cartilage damage. However, this does not create an issue of fact as to when Plaintiff, through the exercise of reasonable diligence, could have discovered the injury and its cause. Plaintiff himself alleged that a physician identified the injury and cause on January 24, 2007, which means that Plaintiff, through the exercise of reasonable diligence, should have discovered the relevant facts at that time. *See, e.g., Norris v. Baxter Healthcare Corp.*, 397 F.3d 878, 888 (10th Cir. 2005) (applying Colorado statute of limitations to negligence claim against manufacturer of alleged defective product). That Plaintiff may not have been aware of the full extent of the injury at the time does not toll the statute of limitations. *Taylor v. Goldsmith*, 870 P.2d 1264, 1266 (Colo. App. 1994). Therefore, I agree that the claims against these defendants are time-barred.

    2.    <u>Insufficient allegations</u>

In the alternative, I agree with Abbott and Astrazeneca that Plaintiff has not sufficiently alleged that any of their products were actually used in Plaintiff's pain pump and therefore could have caused his injury. This is deficiency is fatal to the claim. Plaintiff has no facts, only speculation, on which to base his claim that defendants' products caused or contributed to his injury. This mere possibility, *i.e.*, that the medicine used could have been made by these defendants, rather than by any number of other manufacturers of anesthesia drugs, is not adequate to state a claim under the prevailing standards as set forth by *Twombly* and *Iqbal.*

Accordingly, it is ordered:

1. The Motions to Dismiss (doc nos 49 and 53) are granted. The claims against Defendants Astrazeneca Pharmaceuticals LP, Astrazeneca LP, Zeneca Holdings Inc., Abbott Laboratories, Abbott Laboratories Inc., and Hospira, Inc. are dismissed.

DATED at Denver, Colorado, on October 5, 2009.

                                            BY THE COURT:

                                            s/ Walker D. Miller
                                            United States Senior District Judge