IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.  08-cv-02791-WDM-KLM

MICHAEL D. DITTMAN,

    Plaintiff,

v.

DJO, LLC, a Delaware corporation, and
I-FLOW CORP., a Delaware corporation,

    Defendants.

_____

**ORDER**
_____

**ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

This matter is before the Court on **Plaintiff's Unopposed Motion to Stay Proceeding Pending Ruling by the Judicial Panel for Multidistrict Litigation** [Docket No. 94; Filed January 11, 2010] (the "Motion").

Plaintiff requests a stay of proceedings with only limited continued production of documents pending a decision by the Judicial Panel on Multidistrict Litigation ("MDL") on a Motion to Transfer filed in *In re Ambulatory Pain Pump-Chondrolysis Products Liability Litigation* ("MDL No. 2139").  If the MDL Panel grants the Motion to Transfer, this and other similar actions will be consolidated into one multidistrict litigation proceeding pursuant to 28 U.S.C. § 1407.

"The Court has broad discretion to stay proceedings as incidental to its power to control its own docket."  *Lundy v. C.B. Fleet Co., Inc.*, No. 09-cv-00802-WYD-KLM, 2009 WL 1965521, at *1 (D. Colo. July 6, 2009) (citations omitted); *see also String Cheese Incident, LLC v. Stylus Shows, Inc.*, No. 02-cv-01934-LTB-PAC, 2006 WL 894955, at *2 (D.

Colo. Mar. 30, 2006). "As a general rule, 'courts frequently grant stays pending a decision by the MDL panel regarding whether to transfer a case." *See Lundy*, 2009 WL 1965521, at *1 (quoting *Good v. Prudential Ins. Co. of America*, 5 F.Supp.2d 804, 809 (C.D. Cal. 1998)).

The Court concludes that a partial stay of proceedings, with only limited continued discovery, is appropriate here. The Court first considers whether the interests of the parties would be served by a stay. *See String Cheese*, 2006 WL 894955, at *2 (balancing prejudice of stay to the non-moving party, the plaintiff, against any undue burden of going forward on defendant). Here, the parties agree that a stay of proceedings with only ongoing production of Plaintiff's medical records is in all of the parties' best interests. Further, the MDL Panel is expected to rule on the Motion to Transfer by early April, 2010, at the latest, and thus the stay requested is likely to be brief, which minimizes any potential prejudice to any party.

The Court also considers its own convenience, the interests of nonparties, and the public interest in general. *See String Cheese*, 2006 WL 894955, at *2. None of these factors prompts the Court to reach a different result. The Court finds that granting the stay will promote judicial economy and efficiency. *See Lundy*, 2009 WL 1965521, at *1-2 (concluding "judicial economy . . . best served by granting a stay pending the MDL Panel's decision"); *Lilak v. Pfizer Corp., Inc.*, No. 08-cv-02439-CMA-KLM, 2008 WL 4924632, at *3 (D. Colo. Nov. 13, 2008) (reasoning stay pending transfer to MDL appropriate because judicial economy best served by case being considered as part of MDL); *Franklin v. Merck & Co., Inc.*, No. 06-cv-02164- WYD-BNB, 2007 WL 188264, at *2 (D. Colo. Jan. 24, 2007) (finding that pending transfer to MDL "granting a stay would promote judicial economy and

help insure consistent pretrial rulings"). Unlike in *Lundy*, *Lilak*, and *Franklin*, here the MDL Panel has not yet determined whether a consolidated MDL proceeding is warranted for these pain pump actions. This fact may decrease the likelihood that the instant action will actually be transferred. However, because the parties agree that a stay is appropriate and the Court agrees that awaiting a ruling from the MDL panel will conserve judicial resources and avoid the issuance of rulings on discovery and substantive motions inconsistent with those issued by other federal courts, the Court will enter the stay. *See Rivers v. Walt Disney Co.*, 980 F.Supp. 1358, 1360-62 (C.D. Cal. 1997) (granting stay where motion to transfer and consolidate cases into MDL proceeding pending before MDL Panel and noting that "a majority of courts" have concluded that such a stay appropriate and conserves judicial resources); MANUAL FOR COMPLEX LITIGATION (FOURTH) § 22.35 (2009) ("A stay pending the Panel's decision can increase efficiency and consistency, particularly when the transferor court believes that a transfer order is likely and when the pending motions raise issues likely to be raised in other cases as well."). The Court is further persuaded that judicial economy is well-served by a stay because the parties agree that Plaintiff must continue production of his medical records. *See Carolus v. Gen. Elec. Co.*, No. 07-cv-00714-WYD-MJW, 2007 WL 4225802, at *1 (D. Colo. Nov. 28, 2007)(denying stay only as to production of documents and other written discovery because judicial economy not served by waiting, as production of documents lengthy process and would be necessary regardless of whether MDL Panel transferred the case). Finally, the Court does not find that this case triggers a compelling nonparty or public interest that requires a different result. Accordingly,

    IT IS HEREBY **ORDERED** that the Motion is **GRANTED**.

IT IS **FURTHER ORDERED** that the case is **STAYED** until such time as the MDL Panel issues an order on the pending Motion to Transfer. Pursuant to the parties' agreement, production of Plaintiff's medical records shall continue during this stay of proceedings.

IT IS **FURTHER ORDERED** that the Status Conference set for January 26, 2010 at 9:30 a.m. is **vacated**. Following the MDL Panel's order on the Motion to Transfer, the parties are directed to file a Joint Status Report indicating whether the Status Conference should be re-set in this matter and proposing dates for any necessary conference. The Court notes, however, that the Status Conference remains set for January 26, 2010 in associated cases Civil Action No. 09-cv-2262, *Bigley v. Sgarlato Laboratories, Inc., et al.,* and Civil Action No. 09-cv-2433, *Pritchett v. I-Flow Corp.*, *et al.*

DATED: January 13, 2010 at Denver, Colorado.

                                         BY THE COURT:

                                         s/ Kristen L. Mix
                                         Kristen L. Mix
                                         United States Magistrate Judge